USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: MAR 26 2020

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

------------------------------------- x

RONAL UMANA JOVEL,

                Petitioner,

-against-

THOMAS DECKER, et al.

                Respondents.

------------------------------------- x

MEMORANDUM DECISION
AND ORDER

20 Civ. 308 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Petitioner Ronal Umana Jovel seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide him with a recorded, individualized hearing before a neutral arbiter. (Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, at 33.) This case was referred to Magistrate Judge Sarah Netburn for Habeas Corpus on January 16, 2020. (Order of Reference to a Magistrate Judge, ECF No. 5.) Magistrate Judge Netburn issued a Report and Recommendation, (the "Report," ECF No. 26), on March 24, 2020, recommending that Petitioner's petition be granted. (*See* Report at 20.) Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal, and that in light of the "exigencies of the circumstances," objections to the Report are due by March 31, 2020. (*Id.*) The parties have not yet filed any objections.

In the meantime, on March 13, 2020, Petitioner filed a letter requesting that the Court order his immediate release "while his petition pends before this Court and while the Coronavirus ('COVID-19') public health crisis continues," pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). (Emergency Letter, ECF No. 18.) Magistrate Judge Netburn also included in the Report her recommendation that Petitioner's emergency request be granted. (*See* Report at 20.) Upon

conducting an independent analysis of Petitioner's separate application for immediate relief, this Court reaches an independent conclusion that Petitioner's emergency request should be GRANTED.

This Court disagrees with the Government's claim that *Mapp* does not apply in § 1226(c) mandatory detention cases, such as the present. (*See* The Government's Resp. to the Pet'r's Letter of March 13, 2020, Seeking Immediate Interim Relief, and in Further Opp'n to the Pet. for a Writ of Habeas Corpus, ECF No. 20, at 4–5.) The Court in *Mapp* did not consider whether its decision was limited with regard to individuals held under § 1226(c). When a habeas corpus petition raises concerns under *Mapp*, this Court must consider whether the "petition raise[s] substantial claims and [whether] extraordinary circumstances exist[] that make the grant of bail necessary to make the habeas remedy effective." *Mapp*, 241 F.3d at 230 (alterations in original) (citations omitted). In other words, to succeed on a claim under *Mapp*, a petitioner must demonstrate that: (1) he or she has set forth substantial claims in the petition; (2) he or she has a likelihood of success on the merits of the petition; and (3) extraordinary circumstances exist, which would require release so that a writ of habeas corpus may be effective. *See Boddie v. N.Y. State Div. of Parole*, No. 8 Civ. 9287 (LAP) (DF), 2009 WL 1531595, at *1 (S.D.N.Y. May 28, 2009).

The petition sets forth substantial claims, and demonstrates that Petitioner is likely to succeed on the merits. Additionally, in light of the considerable—and growing—concern surrounding the COVID-19 health crisis, including limited access to medical supplies, treatment, and attention, as well as Petitioner's separate personal medical issues, this Court finds that Petitioner has adequately demonstrated extraordinary circumstances requiring his release.

Although this Court finds that Petitioner has met the requirements of the *Boddie* analysis in demonstrating he is entitled to relief under *Mapp*, this Court has not yet fully reviewed the

2

Report for error in its recommendation that complete habeas relief be granted, and will refrain from doing so until any objections are filed. Indeed, the parties are still granted the right to file prompt objections to Magistrate Judge Netburn's Report and Recommendation that Petitioner's habeas petition be granted, and any failure to file objections by the March 31, 2020 deadline will constitute waiver of those objections on appeal.

Therefore, for the reasons stated herein, Petitioner's emergency application, (ECF No. 18), is GRANTED, pursuant to *Mapp v. Reno*. Petitioner shall be released on his own recognizance by April 3, 2020, while his removal proceedings are pending, unless Respondents provide Petitioner with a bond hearing by that date.

Dated: New York, New York
March 26, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

3