UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------- x

RONAL UMANA JOVEL,

                 Petitioner,

-against-

THOMAS DECKER, et al.

                 Respondents.

------------------------------------- x

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: MAR 31 2020

MEMORANDUM DECISION
AND ORDER

20 Civ. 308 (GBD) (SN)

GEORGE B. DANIELS, United States District Judge:

Petitioner Ronal Umana Jovel seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2241, ordering Respondents to provide him with a recorded, individualized hearing before a neutral arbiter. (Pet. for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, ECF No. 1, at 33.)[1] Before this Court is Magistrate Judge Netburn's March 24, 2020 Report and Recommendation (the "Report," ECF No. 26), recommending that Petitioner's petition be granted and Respondents be ordered to provide Petitioner with an individualized bond hearing by April 3, 2020. (Report at 20.) Additionally, the Report recommends that certain procedural requirements be imposed at the bond hearing, specifically that (1) the Government bear the burden to justify Petitioner's continued detention by clear and convincing evidence that Petitioner poses a flight risk or danger to the

---

[1] On March 13, 2020, Petitioner filed a letter motion requesting that the Court order his immediate release "while his petition pends before this Court and while the Coronavirus ('COVID-19') public health crisis continues," pursuant to *Mapp v. Reno*, 241 F.3d 221 (2d Cir. 2001). (Mar. 13, 2020 Emergency Letter, ECF No. 18.) On March 26, 2020, recognizing the exigent circumstances including the escalating COVID-19 crisis, this Court ordered that Petitioner "be released on his own recognizance by April 3, 2020, while his removal proceedings are pending, unless Respondents provide Petitioner with a bond hearing by that date." (Order, ECF No. 27.) This Court understands that a bond hearing is now scheduled for today, March 31, 2020. On March 27, 2020, Petitioner requested that this Court impose an order either immediately releasing him, or ordering that the immigration judge be required to follow certain procedural requirements, as recommended by Magistrate Judge Netburn, at the upcoming bond hearing. (*See* Mar. 27, 2020 Emergency Letter, ECF No. 28.) In light of this order, Petitioner's March 27, 2020 request is moot.

public; (2) the immigration judge "meaningfully consider" alternatives to imprisonment and Petitioner's ability to pay a monetary bond. (*Id.* at 19–20.)

Magistrate Judge Netburn advised the parties that failure to file timely objections to the Report would constitute a waiver of those objections on appeal, and that in light of the "exigencies of the circumstances," objections to the Report are due by March 31, 2020. (*Id.* at 20.) As of the date and time of this order, no objections have been filed. Having reviewed the Report for clear error and finding none, this Court ADOPTS the Report in full.

## I. LEGAL STANDARD

"Although a magistrate may hear dispositive pretrial motions, [s]he may only submit proposed findings of fact and recommendations for disposition of the matter." *Thomas E. Hoar, Inc. v. Sara Lee Corp.*, 900 F.2d 522, 525 (2d Cir. 1990). The district court must review *de novo* the portions of a magistrate judge's report and recommendation to which a party properly objects. 28 U.S.C. § 636(b)(1)(C). However, the district court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Instead, it is sufficient that the district court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

A magistrate judge's report to which no objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). Clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v. Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "A magistrate's ruling is contrary to law if it 'fail[s] to apply or misapplies relevant statutes, case law, or rules of procedure[.]'" *Thai Lao Lignite (Thai.) Co. v.*

2

*Gov't of Lao People's Democratic Republic*, 924 F. Supp. 2d 508, 512 (S.D.N.Y. 2013) (first alteration in original) (citation omitted).

## II. THE REPORT IS ADOPTED

The relevant factual and procedural background is set forth in detail in the Report. As an initial matter, under 28 U.S.C. § 2241(c)(3), a district court may grant a writ of habeas corpus to a petitioner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. §§ 2241(c)(3). Because this Court has already addressed Petitioner's request for immediate relief under *Mapp*, the sole issue before this Court is the merits of Petitioner's initial Habeas petition.

As the Report appropriately explained, "detention without a renewed bond hearing becomes unreasonable 'at some point,' even when a petitioner has had an initial bond hearing." (Report at 14 (quoting *Vallejo v. Decker*, No. 18 Civ. 5649 (JMF), 2018 WL 3738947, at *2–4 (S.D.N.Y. Aug. 7, 2018).) To determine whether a petitioner is entitled to a bond hearing under the principles of due process, a court will examine the five factors outlined in *Sajous v. Decker*, which include: (i) the length of time the detention; (ii) whether Petitioner is responsible for any delay; (iii) whether Petitioner has asserted defenses to removal; (iv) whether Petitioner's detention exceeds any time he spend in prison for the crime initiating his removal proceedings; and (v) whether the detention facility is "meaningfully different from a penal institution for criminal detention." No. 18 Civ. 2447 (AJN), 2018 WL 2357266, at *10–11 (S.D.N.Y. May 23, 2019).

The Magistrate Judge properly assessed the *Sajous* factors and concluded that Petitioner is entitled to a bond hearing. First, the Report correctly found that the length of Petitioner's detention without a bond hearing "weighs in favor of granting [him] relief," because the amount of time since Petitioner's initial bond hearing is "almost twice as long as the 17 months that the court in

3

*Vallejo* deemed impermissible." (Report at 14.) Second, the Report appropriately found that although both Petitioner and Respondents were responsible for delays to holding a bond hearing, this Court should not hold this against Petitioner, in light of the circumstances surrounding his reasons for causing any delay (including waiting for a medical expert to testify). (Report at 15.) Indeed, Petitioner should not be penalized, particularly because, as the Report indicates, "[t]here is no indication that his conduct was dilatory or an effort to 'game the system.'" (*Id.* (citation omitted).) Third, the Report properly found that Petitioner has asserted defenses to his removal, that have not yet been adjudicated, and are "not frivolous." (*Id.* at 16.) Fourth, The Report was correct in finding that the time between Petitioner's last bond hearing and the date in which he filed his petition was 972 days, which exceeds the amount of time he spent in prison for the criminal convictions that lead to his removal proceedings, *i.e.*, 743 days. (*Id.*) Finally, this Court agrees with the Report that the facility in which Petitioner is being held is not "meaningfully different" from a penal institution, particularly because the facility itself is also used for criminal detention. (*Id.* at 17.) Detention without a bond hearing since May 2017 is unreasonable and unconstitutional. Petitioner is entitled to a new bond hearing.

## III. CONCLUSION

Magistrate Judge Netburn's Report, (ECF No. 20), is ADOPTED in full. Petitioner's writ of Habeas Corpus is GRANTED. Respondents are ordered to provide Petitioner with an individualized bond hearing by April 3, 2020.

Dated: New York, New York
March 31, 2020

SO ORDERED.

*George B. Daniels*
GEORGE B. DANIELS
United States District Judge

4